**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIANNA GRANATO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| IMMEDIATE CREDIT RECOVERY, INC., and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, GIANNA GRANATO (hereinafter "GRANATO" or "Plaintiff") on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, IMMEDIATE CREDIT RECOVERY, INC (hereinafter "ICR"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      Plaintiffs brings this action for damages and declaratory and injunctive relief arising from IRC's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant IRC is a corporation with offices located at 6 Neptune Road, Suite 110, Poughkeepsie, NY 12601.

8.      Upon information and belief, IRC is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from IRC which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a statewide class action. The Class consists

of:

> All New York consumers who were sent letters and/or notices
> from IMMEDIATE CREDIT RECOVERY, INC.,
> concerning a debt owed to COLLEGE OF STATEN ISLAND,
> which included the alleged conduct and practices described
> herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

12.     The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

14.     Upon information and belief, the Class is so numerous that joinder of all members is

impracticable because there are hundreds and/or thousands of persons who were sent debt

collection letters and/or notices from IRC that violate specific provisions of the FDCPA.

Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of

persons;

15.     There are questions of law and fact which are common to the Class and which

predominate over questions affecting any individual Class member.   These common

questions of law and fact include, without limitation:

    a.     Whether Defendant violated various provisions of the FDCPA;

    b.     Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.     Whether Plaintiff and the Class have sustained damages and are entitled to

restitution as a result of IRC's wrongdoing and if so, what is the proper

measure and appropriate statutory formula to be applied in determining such

damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16.    Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17.    Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18.    Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remed**y** they will continue to reap and retain the proceeds of their ill-gotten gains.

21.    ICR has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22.     On or about June 28, 2018, Plaintiff incurred a financial obligation with the COLLEGE OF STATEN ISLAND, ("COLLEGE").

23.     The COLLEGE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The COLLEGE obligation arose out of a transaction that for personal use.

25.     The COLLEGE obligation did not arise out of a transaction for commercial purposes.

26.     The COLLEGE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28.     On or before June 18, 2018, COLLEGE placed and/or referred the alleged obligation with ICR for the purpose of collection.

29.     At the time COLLEGE place the obligation with ICR the obligation was past due.

30.     At the time COLLEGE place the obligation with ICR the obligation was in default.

31.     On or about June 28, 2018, ICR caused to be mailed to Plaintiff a letter attempting to collect the alleged COLLEGE obligation.  A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

32.     The June 28, 2018 letter to Plaintiff stated in part;

                    Account No: xxx03
                    Amount Due: $1,281.70

33.     The June 28, 2018 further stated:

| Creditor | Amt. Owed |
|----------|-----------|
| COLLEGE OF STATEN ISLAND# T1 | $1,281.70 |

34.     Upon receipt, Plaintiff read the June 28, 2018 letter.

35.     On or about July 20, 2018, ICR caused to be mailed to Plaintiff a letter attempting to collect the alleged COLLEGE obligation.  A copy of said letter is annexed hereto as Exhibit B, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

36.     Upon receipt, Plaintiff read the July 30, 2018 letter.

37.     The July 30, 2018 letter stated in part: "Amount Due  $1,281.70".

38.     On or about August 27, 2018, ICR caused to be mailed to Plaintiff a letter attempting to collect the alleged COLLEGE obligation.  A copy of said letter is annexed hereto as Exhibit C, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

39.     Upon receipt, Plaintiff read the August 27, 2018 letter.

40.     The August 27, 2018 letter stated in part: "Amount Due  $1,281.70".

41.     On or about April 2, 2019, ICR caused to be mailed to Plaintiff a letter attempting to collect the alleged COLLEGE obligation.  A copy of said letter is annexed hereto as Exhibit D, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

42.     Upon receipt, Plaintiff read the April 2, 2019 letter.

43.   The April 2, 2019 letter stated in part: "AMT DUE: $1,281.70.

44.   The April 2, 2019 letter further stated:

> To view your account and / or make a payment on-line, please visit our web site at pay.icrcollect.com. Please note that the amount due above is as of the date of this letter. Due to interest and / or other charges that may vary from day to day, the amount due on the day you pay may be greater. Therefore, if you pay the amount shown above, an adjustment may be necessary. For further information, please call 1-800-964-5689 or contact us via mail at the address above.

45.   The April 2, 2019 letter included a second document, which stated in part:

"Account Balance   $1,095.85"

46.   At all pertinent times hereto, ICR was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

47.   Each letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

48.   The "Amount Due" of $1,281.70 as stated in the June 28, 2018 letter to Plaintiff included fees/amounts in addition to the "Account Balance" .

49.    The "Amount Due" of $1,281.70 as stated in the July 30, 2018 letter to Plaintiff included fees/amounts in addition to the "Account Balance".

50.   The "Amount Due" of $1,281.70 as stated in the August 27, 2018 letter to Plaintiff included fees/amounts in addition to the "Account Balance".

51.   The "Amount Due" of $1,281.70 as stated in the April 2, 2019 letter to Plaintiff included fees/amounts in addition to the "Account Balance".

52.   Plaintiff has never made a payment to ICR towards the "Amount Due" listed in any of the letters.

53.   As of April 2, 2019, IRC never collected a monies from Plaintiff.

54.     The difference between the "Account Balance" of $1,095.85 and the "Amount Due" of $1,281.70, represents the contingency fee agreement between ICR and COLLEGE, rather than a pre-paid, flat fee.

55.     COLLEGE is not entitled a fee for funds collected pursuant to a Treasury Offset.

56.     At the time ICR sent the June 28, 2018 letter, Plaintiff did not owe ICR fees/amounts in addition to the "Account Balance".

57.     At the time ICR sent the July 30, 2018 letter, Plaintiff did not owe ICR fees/amounts in addition to the "Account Balance".

58.     At the time ICR sent the August 27, 2018 letter, Plaintiff did not owe ICR fees/amounts in addition to the "Account Balance".

59.     At the time ICR sent the April 2, 2019 letter, Plaintiff did not owe ICR fees/amounts in addition to the "Account Balance".

60.     At the time ICR sent the June 28, 2018 letter to Plaintiff, ICR had not billed COLLEGE  for fees/amounts in addition to the "Account Balance" relative to the collection of Plaintiff's alleged debt.

61.      At the time ICR sent the July 30, 2018 letter to Plaintiff, ICR had not billed COLLEGE  for fees/amounts in addition to the "Account Balance", relative to the collection of Plaintiff's alleged debt.

62.     At the time ICR sent the August 27, 2018 letter to Plaintiff, ICR had not billed COLLEGE  for fees/amounts in addition to the "Account Balance", relative to the collection of Plaintiff's alleged debt.

63.     At the time ICR sent the April 2, 2019 letter to Plaintiff, ICR had not billed COLLEGE  for fees/amounts in addition to the "Account Balance", relative to the collection of Plaintiff's alleged debt

64.    At the time ICR sent the June 28, 2018 letter to Plaintiff, COLLEGE had not paid fees/amounts in addition to the "Account Balance" to ICR, relative to the collection of Plaintiff's alleged debt.

65.    At the time ICR sent the July 30, 2018 letter to Plaintiff, COLLEGE had not paid fees/amounts in addition to the "Account Balance" to ICR, relative to the collection of Plaintiff's alleged debt.

66.    At the time ICR sent the August 27, 2018 letter to Plaintiff, COLLEGE had not paid fees/amounts in addition to the "Account Balance" to ICR, relative to the collection of Plaintiff's alleged debt.

67.    At the time ICR sent the April 2, 2019 letter to Plaintiff, COLLEGE had not paid fees/amounts in addition to the "Account Balance" to ICR, relative to the collection of Plaintiff's alleged debt.

68.    At the time ICR sent the June 28, 2018 letter to Plaintiff, COLLEGE had not been awarded fees/amounts in addition to the "Account Balance" by any Court in any jurisdiction, relating to Plaintiff's alleged debt.

69.    At the time ICR sent the July 30, 2018 letter to Plaintiff, COLLEGE had not been awarded fees/amounts in addition to the "Account Balance" by any Court in any jurisdiction, relating to Plaintiff's alleged debt.

70.    At the time ICR sent the August 27, 2018 letter to Plaintiff, COLLEGE had not been awarded fees/amounts in addition to the "Account Balance" by any Court in any jurisdiction, relating to Plaintiff's alleged debt.

71.    At the time ICR sent the April 2,2019 letter to Plaintiff, COLLEGE had not been awarded fees/amounts in addition to the "Account Balance" by any Court in any jurisdiction, relating to Plaintiff's alleged debt.

72.     At the time ICR sent the June 28, 2018 letter to Plaintiff, COLLEGE had not filed an action in any Court in any jurisdiction, related to Plaintiff's alleged debt.

73.     At the time ICR sent the July 30, 2018 letter to Plaintiff, COLLEGE had not filed an action in any Court in any jurisdiction, related to Plaintiff's alleged debt.

74.     At the time ICR sent the August 27, 2018 letter to Plaintiff, COLLEGE had not filed an action in any Court in any jurisdiction, related to Plaintiff's alleged debt.

75.     At the time ICR sent the April 2, 2019 letter to Plaintiff, COLLEGE had not filed an action in any Court in any jurisdiction, related to Plaintiff's alleged debt.

76.     Upon information and belief, members of the class have made payment of fees/amounts in addition to the "Account Balance", which were not due and owing.

77.     COLLEGE does not owe ICR fees, relative to Plaintiff's account(s).

78.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, ICR sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

79.     ICR actions as described herein are part of a pattern and practice used to collect consumer debts.

80.     ICR could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

81.     It is ICR's policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

        a.      Failing to accurately state the amount of the alleged debt;

b.      Attempting to fees/amounts in addition to the "Account Balance" when no such fees were due to ICR;

c.      Attempting to costs in amount greater than what was actually due;

d.      Using false, deceptive or misleading representations or means in connection with the collection of any debt;

e.      Depriving consumers of the their right to receive the necessary and accurate information as to the true amount of the alleged debt;

f.      Depriving consumers of the their right to receive the informational content as to amount of potential additional costs;

g.      Depriving consumers of the their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

h.      Causing consumers to suffer a risk of economic injury.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

82.      Plaintiff repeats the allegations contained in paragraphs 1 through 81 as if the same were set forth at length herein.

83.      Collection letters and/or notices such as those sent by ICR, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

84.      ICR violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

85. ICR violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated.

86. By including in its collection letters to Plaintiff and other similarly situated that an "Amount Due", which included additional fees/amounts, when in fact if any additional fees/amounts are due at all, the amount of such additional fees/amounts are based on a percentage of the amount of the debt *collected* and not based on the amount referred for collections, ICR used false, deceptive, misleading representations or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq*.

87. By demanding an amount for additional fees/amounts in its letters to Plaintiff and other similarly situated when said additional fees/amounts in its letters were not yet, if at all, due ICR violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

88. By representing to Plaintiff and other similarly situated that an amount was due for additional fees/amounts in its letters in its collection letters when additional fees/amounts in its letters were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, ICR violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

89. ICR violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its collection letters to Plaintiff and others similarly situated.

90.    ICR violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and other similarly situated.

91.    ICR further violated 15 U.S.C. § 1692e(10) of the FDCPA by stating in the April 2, 2019 letter that:

> Due to interest and / or other charges that may vary from day to day, the amount due on the day you pay may be greater. Therefore, if you pay the amount shown above, an adjustment may be necessary. For further information, please call 1-800-964-5689 or contact us via mail at the address above.

When in fact the Amount was not subject to change due to interest and / or other charges that may vary from day to day.

92.    The least sophisticated consumer upon reading the April 2, 2019 letter would be lead to misbelieve that she should pay the alleged debt sooner rather than later because the "Amount Due" may increase.

93.    The least sophisticated consumer upon reading the April 2, 2019 letter would be lead to misbelieve that she should pay the alleged debt sooner rather than later because the "Amount Due" may increase, when in fact the "Amount Due" was not subject to increase due to interest and / or other charges that may vary from day to day.

94.    ICR violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

95.    ICR violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

96.    Plaintiff suffered an informational injury due to ICR 's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

97.    Plaintiff suffered a risk of economic injury due to ICR's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

98.    By reason thereof, ICR is liable to Plaintiff and other similarly situated for declaratory judgment that ICR's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

99.    The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply with the Act. *See* 15 U.S.C. 1692 *et seq.* Rosenau v Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008); Brown v. Card Service Center, 464 F.3d 450, 453 (3rd Cir. 2006).

100.    The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

101.    "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

102.    A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing,

even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

103.    The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

104.    Plaintiffs seek statutory damages, attorney's fees, cists, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.   Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring Goldman to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff and the Class actual damages;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)    Awarding pre-judgment interest and post-judgment interest; and

       (h)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 14, 2019
      New York, New York

                                     */s/ Joseph K. Jones*      

                                       Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                     */s/ Joseph K. Jones*      
                                     Joseph K. Jones

# Exhibit

# A

DEPT 751    6602912918068
PO BOX 4115
CONCORD CA  94524

|| |||| ||| ||| |||| ||| ||| ||| |||| ||| ||| |||| ||| ||| ||| ||| |||

RETURN SERVICE REQUESTED

June 28, 2018
||·||·||·||||·|·||·||·|||·||·||·|||||·|||·|·|·|·||·|||·||·||·|·|·||·||



GIANNA GRANATO
30 HIRSCH LN
STATEN ISLAND NY 10314-2731

Immediate Credit Recovery, Inc.
P.O. Box 1900, Wappingers Falls, NY  12590-8900
(845) 296-1010 / (800) 964-5689

Hours of Operation are (Eastern time):
    8 a.m. to 9 p.m. Monday and Tuesday,
    8 a.m. to 5 p.m. Wednesday, Thursday and Friday

Account No:      G58003
Amount Due:      1281.70
Your Pin:        85899519

Please send payment & correspondence to:

IMMEDIATE CREDIT RECOVERY INC.
PO BOX 1900
WAPPINGERS FALLS NY  12590-8900

---

***DETACH UPPER PORTION AND RETURN WITH PAYMENT***

**IMMEDIATE** Credit Recovery Incorporated

                                        FALL 17 TUITION

          Creditor                          Amt Owed
          COLLEGE OF STATEN ISLAND#, T1      1281.70

### URGENT COLLECTION AGENCY NOTIFICATION

We at Immediate Credit Recovery, Inc. did not receive notification from you disputing the above account within the thirty (30) days allowed as your right under the Fair Debt Collection Practices Act nor did we receive payment in full on the above account. Do not assume that ignoring this matter will cause it to go away.

Mail your payment today directly to Immediate Credit Recovery, Inc. in the enclosed envelope to our New York location or contact us at the above toll free number. To view your account and/or make a payment on-line, please visit our website at pay.icrcollect.com. For further information, please call 1-800-964-5689 or contact us via mail at the address below.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

*** See Reverse Side For Important Information ***

*** If payment has already been sent, please disregard this notice. ***

Hours of Operation are (Eastern time):
8 a.m. to 9 p.m. Monday and Tuesday,
8 a.m. to 5 p.m. Wednesday, Thursday and Friday



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Immediate Credit Recovery, Inc.
P.O. Box 1900, Wappingers Falls, NY  12590-8900
(845) 296-1010 / (800) 964-5689

pay.icrcollect.com

ICRA2-0828-1052334925-01347-1347

S2392701311

# Exhibit

# B



DEPT 751    9915897418079
PO BOX 4115
CONCORD CA  94524

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

RETURN SERVICE REQUESTED

July 30, 2018

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

GIANNA GRANATO

Immediate Credit Recovery, Inc.
P.O. Box 1900, Wappingers Falls, NY  12590
(800) 964-5689 • fax (845) 297-8282
Hours of Operation are (Eastern time):
8 a.m. to 9 p.m. Monday and Tuesday,
8 a.m. to 5 p.m. Wednesday, Thursday and Friday

Client:     COLLEGE OF STATEN ISLAND#, T1
Agent:      CP2
Account #:  ███████
Re:         FALL 17 TUITION
Amount Due: $1,281.70
Your Pin:   ███████

Please send payment & correspondence to:

IMMEDIATE CREDIT RECOVERY INC.
PO BOX 1900
WAPPINGERS FALLS NY  12590-8900

---

***DETACH UPPER PORTION AND RETURN WITH PAYMENT***



Sir/Madam:

Your account still remains unpaid and to avoid any further collection activity:

The BALANCE IN FULL must be sent to this office upon receipt of this notice. Failure to comply with this request may result in notification to our client of your unwillingness to amicably satisfy your long overdue debt.

To view your account and/or make a payment on-line, please visit our web site at pay.icrcollect.com. For further information, please call 1-800-964-5689 or contact us via mail at the address below.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Please see reverse side for important information.

Hours of Operation are (Eastern time):
8 a.m. to 9 p.m. Monday and Tuesday,
8 a.m. to 5 p.m. Wednesday, Thursday and Friday



The Association of Credit
and Collection Professionals
Member

Immediate Credit Recovery, Inc.
P.O. Box 1900, Wappingers Falls, NY  12590-8900
(800) 964-5689 • fax (845) 297-8282

pay.icrcollect.com

# Exhibit

# C

DEPT 751     4505424318085
PO BOX 4115
CONCORD CA  94524

|| |||||| ||||| ||||| ||| |||||| ||||| ||||| |||| |||||| |||| |||| ||||| |||| ||||| ||| |||

RETURN SERVICE REQUESTED

August 27, 2018
ılı|ılı|ıll|ılı|ıllı|ılı|ıllı|ılı|ılı|ıll|ılı|

    GIANNA GRANATO

P.O. Box 1900, Wappingers Falls, NY  12590
(800) 964-5689 • fax (845) 297-8282
Hours of Operation are (Eastern time):
8 a.m. to 9 p.m. Monday and Tuesday,
8 a.m. to 5 p.m. Wednesday, Thursday and Friday

| | |
|---|---|
| Client: | COLLEGE OF STATEN ISLAND#, T1 |
| Agent: | CP2 |
| Account #: | 03 |
| Re: | FALL 17 TUITION |
| Amount Due: | $1,281.70 |
| Your Pin: | 19 |

Please send payment & correspondence to:

IMMEDIATE CREDIT RECOVERY INC.
PO BOX 1900
WAPPINGERS FALLS NY  12590-8900

---

***DETACH UPPER PORTION AND RETURN WITH PAYMENT***



Sir/Madam:

***** A Friendly Reminder *****

Our records indicate that you still have an outstanding balance due for the above client which remains unpaid.

Please contact this office today to arrange a plan to repay your balance or mail your check today to clear your account in full. Remember, there may be several ways to arrange to pay your account(s) off that you may not be aware of. Our specialists can inform you about those that may work best for you.

To view your account and/or make a payment on-line, please visit our web site at pay.icrcollect.com. For further information, please call 1-800-964-5689 or contact us via mail at the address below.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Thank you for your anticipated cooperation.

Please see reverse side for important information.

Hours of Operation are (Eastern time):
8 a.m. to 9 p.m. Monday and Tuesday,
8 a.m. to 5 p.m. Wednesday, Thursday and Friday



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Immediate Credit Recovery, Inc.
P.O. Box 1900, Wappingers Falls, NY  12590-8900
(800) 964-5689 • fax (845) 297-8282

pay.icrcollect.com

220

# Exhibit

# D



**Collection Agency Division**

P.O. BOX 1900, WAPPINGERS FALLS, NY 12590
(800) 964-5689
fax(845) 297-8282

Apr  2, 2019


GIANNA GRANATO



    CLIENT:COLLEGE OF STATEN ISLAND#, T1 W/CC
ACCOUNT #      3
        RE:FALL 17 TUITION
  AMT DUE:$    1281.70
    AGENT:TCU
 YOUR PIN:          9

Sir/Madam:

Pursuant to our recent correspondence, enclosed please find the
information which you requested about your account(s).

After reviewing the information, please contact us at your earliest
convenience so that we can answer any questions you may have about
your account(s).

To view your account and / or make a payment on-line, please visit our web
site at pay.icrcollect.com.  Please note that the amount due above is as
of the date of this letter. Due to interest and / or other charges that
may vary from day to day, the amount due on the day you pay may be
greater. Therefore, if you pay the amount shown above, an adjustment
may be necessary. For further information, please call 1-800-964-5689 or
contact us via mail at the address above.

This is an attempt to collect a debt. Any information obtained will be
used for that purpose. This communication is from a debt collector.

            Please see reverse side for important information.


*2*

Here is Ms. Granato's bill:

## Account Details

ID: ▪▪▪▪6   Granato,Gianna   Business Unit: ▪▪▪▪

Account Number: TUT001   -   2017 FA   Account Balance: 1,095.85

| Debits: | 1,095.85 | Credits: | 0.00 Applied: | 0.00 | | Unapplied: | 0.00 |
|---|---|---|---|---|---|---|---|

Find | View 3   First 1-5 of 5 Last

| Item | Term | | Amount | |
|---|---|---|---|---|
| Class | Installment ID | Last Activity Date | Balance | |
| Undergrad Degree Resident | 2017 FA | | 816.25 | Item Details |
| | | 08/27/2017 | 816.25 | |
| CUNY Consolidated Fee | 2017 FA | | 15.00 | Item Details |
| | | 07/19/2017 | 15.00 | |
| CUNY Technology Fee | 2017 FA | | 125.00 | Item Details |
| | | 07/19/2017 | 125.00 | |
| Student Activity Fee | 2017 FA | | 138.15 | Item Details |
| | | 08/27/2017 | 138.15 | |
| Student Senate Fee | 2017 FA | | 1.45 | Item Details |
| | | 07/19/2017 | 1.45 | |

She enrolled on July 20, 2017 and dropped her classes on August 27, 2017 during the 25% drop fee period as per the CUNY CSI Fall 2017 academic calendar.

## Academic Information
## Enrollment Summary

ID: ▪▪▪▪   Granato,Gianna

Find | View All   First 1-5 of 5 Last

| Class # | Subject | Catalog Component | Session Census Date | Section | Status | Reason | Basis | Prog Units Bill Units | Add Date Drop Date |
|---|---|---|---|---|---|---|---|---|---|
| 12308 Class Info | SOC | 100 | Regular | D007 | Dropped | Drop Enrl | GRD | 3.00 | 07/20/2017 |
| Sociology | | Lecture | 09/14/2017 | | | Student Request | | 3.00 | 08/27/2017 |
| 12377 Class Info | ENG | 111 | Regular | E002 | Dropped | Drop Enrl | GRD | 3.00 | 07/20/2017 |
| Intro College Writng | | Lecture | 09/14/2017 | | | Student Request | | 3.00 | 08/27/2017 |
| 12541 Class Info | PSY | 100 | Regular | D016 | Dropped | Drop Enrl | GRD | 3.00 | 07/20/2017 |
| Psychology | | Lecture | 09/14/2017 | | | Student Request | | 3.00 | 08/27/2017 |
| 13075 Class Info | COR | 100 | Regular | E008 | Dropped | Drop Enrl | GRD | 3.00 | 07/20/2017 |
| Us Issues Ideas Inst | | Lecture | 09/14/2017 | | | Student Request | | 3.00 | 08/27/2017 |
| 58068 Class Info | NSO | 1 | Regular | I010 | Enrolled | Enrolled | NOG | | 07/19/2017 |
| New Student Orientation | | Message | 09/14/2017 | | | | | | |



THIS IS AN ATTEMPT TO
COLLECT A DEBT.  ANY
INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE